# SUPREME COURT OF TEXAS.

## TYLER TERM, 1885.

### John Givens v. G. W. Hudson.

(Case No. 1602.)

1. Homestead — Constitution and statutes construed.— Neither section 52 of article 16 of the state constitution, nor article 1817 of the Revised Statutes, perpetuates the homestead exemption from sale to satisfy the debts of the surviving member of the marital union after his or her death, when no constituent of the family remains.

2. Same.— The section of the constitution above referred to does not attempt to declare under what circumstances property used during the life-time of a deceased person as a homestead shall be exempted from forced sale to satisfy debts against his estate.

3. Same — Constitution construed.— Article 16, section 50, of the state constitution, simply declares that the homestead of the *family* shall be exempt from forced sale for the payment of debts, and that clause, as well as the statutes (Rev. Stats., 2335), indicates what persons may be considered as constituting the family after the death of husband and wife. Such family cannot be constituted by adult descendants other than "unmarried daughters" remaining with the family of the deceased.

4. Homestead exemption — Descent and distribution.— Unless the homestead of the surviving member of the marital union has, on his or her death, descended and vested, wholly or in part, in fee or in some lesser estate, in some such person or persons as in law constitute a family, it will be liable to sale to satisfy debts of the deceased, as his or her other property is liable. Its exemption from forced sale depends upon the *status* or condition of those claiming the exemption, and not upon the *status* or condition of one from whom it was inherited.

5. Same.— The rules above announced apply with equal force to personal property exempt from forced sale, so far as the rights of creditors are concerned, though they may not always be applicable when considered with reference to the rights of those who are not creditors.

Appeal from Anderson. Tried below before the Hon. F. A. Williams.

*Thos. B. Greenwood*, for appellant, cited: R. S., arts. 1293, 1817; State Constitution, art. 16, sec. 52; Green *v.* Crow, 17 Tex., 188; Lockhart *v.* White, 18 Tex., 103; Sossaman *v.* Powell, 21 Tex., 664;

O'Docherty v. McGloin, 25 Tex., 67; Reeves v. Petty, 44 Tex., 249; Carter v. Randolph, 47 Tex., 376; Clift v. Kaufman, 60 Tex., 64–68.

W. O. & F. Reeves, for appellee, cited: Const., art. 16, secs. 49, 50, 51, 52; R. S., arts. 1817, 1993; Shannon v. Gray, 59 Tex., 252; Brewer v. Wall, 23 Tex., 585; Johnson v. Taylor, 43 Tex., 122; Horn v. Arnold, 52 Tex., 164; Roco v. Green, 50 Tex., 488.

STAYTON, ASSOCIATE JUSTICE.— George Smith died intestate, leaving a small estate, consisting, as it is claimed, of an undivided half interest in about one hundred and twenty-five acres of land, on which he lived at the time of his death (his wife having died sometime before his decease), and of some personal property, all of which, under the statute, would be exempted to a family from forced sale.

Administration was taken out on his estate, an inventory of the property returned, and some debts probated against his estate, and the administrator then died. Afterwards the appellee, Hudson, applied for letters of administration, no part of the estate having been disposed of.

This application was resisted by Givens, the appellant, upon the ground that the entire property of the estate was exempt from forced sale and vested in the heirs, although they were adults, and not in any way shown to constitute members of the family of the intestate at the time of his death, and therefore administration was unnecessary.

He further showed that the heirs of Smith had waived their right to the administration, conveyed their interest to him, and requested that he should be appointed administrator if the court deemed administration necessary, and his prayer was to that effect.

The applications were heard in the county court, which ruled that the property was subject to administration, and that Givens was entitled thereto.

From the ruling of the court appointing Givens administrator, Hudson gave notice of appeal, but he failed to perfect his appeal by giving proper bond; and from the judgment of the court holding that the property of the estate was not exempted from forced sale, and administration therefore necessary, Givens appealed.

The cause was heard in the district court, which held that the property was subject to forced sale and the grant of administration proper; but that court (Hudson not having perfected his appeal) took no action upon the question of the propriety of the appointment of Givens to the administration.

From the judgment thus rendered Givens has appealed to this court, and the sole question for our consideration is thus stated by counsel for appellant: "The heirs of George Smith being adults when he died, and his estate exempt during his life-time from the payment of his debts, does said exempted estate go to the adult heirs freed from the claim of general creditors, or is it subject to the payment of debts by reason of the heirs-at-law being adults?"

The proposition that the property is not liable to sale for the payment of the debts incurred by the intestate, and that it vests absolutely in adult heirs freed from the claims of creditors, is based by counsel on section 52, article 16, of the constitution, and upon article 1817 of the Revised Statutes.

The former is as follows: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution; but it shall not be partitioned among the heirs of the deceased during the life-time of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

This section of the constitution does not attempt to declare under what circumstances property used during the life-time of a deceased person, as a homestead, shall be exempted from forced sale to satisfy debts against his estate. It merely regulates the vestiture of title, and protects certain classes of persons in its use and possession, even as against others whose ultimate title is just as good as is that of those who are given by the constitution the superior possessory right so long as given conditions exist.

We will have to look to section 50, article 16, of the constitution, to ascertain when such property is exempted from forced sale. It declares that: "The homestead of a *family* shall be and is hereby protected from forced sale for the payment of all debts except," etc.

The statute declares the same thing, no more and no less (R. S., 2335); and it indicates, as does the constitution, what persons may be considered the constituents of a family after the death of the husband or wife (R. S., 1993–2009), and among these are not found adult children other than "unmarried daughters remaining with the family of the deceased."

The homestead may descend to, and vest, as other real property

of a deceased person, in his heirs, and it may be governed by the same laws of descent and distribution as other real property, and yet be liable to sale for the debts of the deceased person as other real property is liable, unless it has descended to or vested, wholly or in part, in fee or lesser estate, in some such person or association of persons as in law constitute a family; for it is only to the *family* that the exemption is given by the constitution or statute.

Article 1817, Revised Statutes, in effect, simply declares that all property which deceased persons shall leave shall vest in their devisees or legatees in cases of testacy, and in their heirs in cases of intestacy, but shall be subject to the payment of the debts of the deceased persons, except so much of the property so left "as may be exempted by law from payment of debts;" but this article does not determine the circumstances or conditions which will give the exemption, and we are again driven to the laws which declare in whose favor the exemptions shall exist, and these, in every instance, base the exemption on the *status* or condition of the recipient of the benefit thereby conferred, and not upon the *status* or condition of some former owner.

The thing is not exempted to the child or widow because it was exempted to the father or husband who was the head of the family, but because the child or widow was and remains a constituent of the family; and when this relation ceases before the death of the intestate, there is nothing in reason, nor in the letter or spirit of the law, which can give the exemption to one not sustaining such a family relation.

In so far as the question before us is concerned, the same rules applicable to realty apply to personalty exempted from forced sale for payment of debts of an estate of a deceased person, but when considered with reference to the rights of others than creditors there may be substantial differences.

There is no error in the judgment of the court below and its judgment is affirmed.

AFFIRMED.

[Opinion delivered October 13, 1885.]