**RECONSTRUCTION FINANCE CORPORATION v. BURGESS.**

No. 2365.

Court of Civil Appeals of Texas. Waco.

Oct. 23, 1941.

Rehearing Denied Nov. 26, 1941.

John Abney, of Hillsboro, for appellant.

Morrow & Calvert and Crawford C. Martin, all of Hillsboro, for appellee.

HALE, Justice.

This case was tried before the court below without a jury and resulted in judgment perpetually enjoining appellant, Reconstruction Finance Corporation, from selling under execution 55.76 acres of land belonging to appellee, Miss Mary Burgess, and denying to appellant any recovery on its cross-action seeking to foreclose an alleged lien on said property. The judgment was based upon the ground that the property in controversy constituted the homestead of appellee and was therefore exempt from forced sale for the payment of the debt declared upon. By appropriate assignments, appellant challenges the correctness of the judgment because it says the evidence was insufficient as a matter of law to sustain the exemption claimed.

The property in dispute was a part of the homestead of J. L. Burgess and wife, Martha Burgess, at and for many years prior to the time of the death of each, both having died intestate, the husband in 1915 and the wife in 1918. Appellee is the daughter of J. L. and Martha Burgess, having been born to them 58 years ago in the house which is now situated on said property and which she claims as her homestead. She has never been married and has lived continuously all of her life on said premises, occupying and claiming the same as her home. On November 2, 1918, the adult sons and married daughter of J. L. and Martha Burgess, who, together with appellee, constituted the sole heirs at law of their common deceased parents, executed a partition deed conveying to appellee the premises in controversy, reciting therein

that such conveyance was made to her in accordance with the request of their parents that their said 'daughter, Mary Burgess, should receive the home place in which they last lived.

On November 30, 1931, appellee executed her promissory note payable to the order of Itasca National Bank in the principal sum of $285, said note being due October 1, 1932, and providing for interest from maturity until paid at the rate of ten per cent per annum and ten per cent additional for contingent attorney's fees. The bank became insolvent on January 1, 1932, and on December 18, 1933, the duly appointed and qualified receiver of said bank instituted suit on said note which resulted in default judgment on January 11, 1937, in favor of the receiver and against appellee for the sum of $417.48. On October 6, 1937, the receiver caused an abstract of the judgment to be duly recorded in the Record of Judgments in the county in which the land in question is situate. Under date of January 24, 1938, the federal court administering the bankrupt estate of the bank ordered its receiver to transfer and assign said judgment to appellant, which was accordingly done. Thereafter on October 24, 1939, appellant caused execution to be issued on said judgment and levied on the property in controversy, and hence this suit.

It is the contention of appellant, as we understand, that the provisions of the Constitution and laws of this state for the exemption of the homestead of a family from forced sale have no application to the facts of this case because appellee, although an unmarried daughter living in the home with her parents at the time of the death of each, was nevertheless an adult and as such she can not substantiate a homestead claim by derivation through her parents insofar as her own debts are concerned. On the other hand, it is the contention of appellee that since she is and has been at all times an unmarried daughter, using and occupying the family homestead as a constituent member of the family, she was and is entitled to the use of the property as a homestead exempt from forced sale under the express provisions of Article 16, Section 50 of the Constitution of Texas, Vernon's Ann.St., so long as she survives and elects to use and occupy the same as a home, regardless of her age, or of any debts she might contract in her own name, and that the trial court correctly so held.

The parties have each filed exhaustive briefs, citing numerous authorities in support of their respective contentions, but neither claims that any authority cited is directly in point on the precise question of law presented.

The family is the fundamental unit in organized society. The typical family originates in marriage and in the natural course of normal development it comes in time to consist, not only of husband and wife, but of father, mother and children. When a son attains to his majority, or when a daughter marries, he or she is or ought to be severed from the ancestral family in order to become a part of the nucleus for a new unit in society. The home of the family is a basic institution in our existing social order and, when once properly established, its continued existence should be encouraged so long as any constituent member of the family survives. In recognition of these axioms, and in order to foster such primary establishments, the Constitution and laws of Texas have afforded from the earliest times a balanced and salutary measure of protection to the homestead of a family against the disrupting effects of its forced sale.

Article 16, Section 50 of the present Constitution, provides that "the homestead of a family shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon," etc. Immediately following, in Section 51, is an express description of the kind and character of property of which the homestead shall consist. However, there is no provision in the Constitution which attempts to define the obvious meaning of the term "family" or to enumerate the constituent members of which the family unit is or may be composed. Hence it appears that it was the intention of the framers of the Constitution to leave to the legislative or judicial department the right and duty of providing or applying a reasonable definition or construction of the meaning of such term as employed in said Section 50. While Section 52 says, in effect, that on the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, with the proviso that it shall not be partitioned among the heirs during the lifetime of the surviving

husband or wife, or so long as the guardian of minor children may be permitted to use and occupy the same, we think this provision, dealing solely with the question of descent and distribution as between the heirs or devisees of deceased persons, does not purport to define the term "family," or to exclude an unmarried daughter from the pale of the family circle.

We note next some of the pertinent acts of the Legislature. Article 3832 of Vernon's Ann.Tex.Civ. Stats., in keeping with Article 16, Section 50 of the Constitution, exempts the homestead of the family from forced sale. Article 3835 of said statutes lists the exempt property of persons who are not constituents of a family. Article 3485 of said statutes provides, in substance, that the probate court shall set apart for the use of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate of the deceased as may be exempt from execution or forced sale by the Constitution and laws of the state, with the exception of any exemption of one year's supply of provisions. Article 3488, Subdivision 4 of said statutes, provides that the homestead shall be delivered by the executor or administrator of the estate of a deceased person to the widow, if there be one, and if there be no widow, to the guardian of the minor children and unmarried daughters, if any, living with the family.

■ Our Supreme Court has definitely announced the rule that the homestead laws of this state should be liberally construed in order to effectuate their beneficent purpose. Furthermore, the homestead right is to be regarded not as a mere privilege accorded to the head of the family for the benefit of the family as a whole, but as an estate created for the protection of each constituent member of the family unit. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35. As said in the early and leading case of Givens v. Hudson, 64 Tex. 471, the homestead "is not exempted to the child or widow because it was exempted to the father or husband who was the head of the family, but because the child or widow was and remains a constituent of the family." We think it is established by reason, through statutory enactment not inconsistent with the Constitution, and under judicial constructions, that an unmarried daughter who remains continuously with the family is as much a component member thereof as is the husband, wife, or any minor child. Childers v. Henderson, 76 Tex. 664, 13 S.W. 481; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S.W. 485; Ross v. Martin, 104 Tex. 558, 140 S.W. 432; American Bonding Co. v. Logan, 106 Tex. 306, 166 S.W. 1132; Milner v. McDaniel, 120 Tex. 160, 36 S.W. 2d 992.

■ Under the facts of this case, it is our opinion that upon the death of J. L. Burgess, his interest in the homestead property passed to his heirs at law, subject, however, to the right of his surviving wife, Martha Burgess, to occupy the same as her home so long as she lived or desired to do so; and upon the death of Martha, her interest in the homestead property passed to her heirs, subject, however, to the right of appellee to occupy the entire homestead until the partition thereof was effected with her adult brothers and her married sister; and that appellee, as a constituent member of the family originated by her lawful parents, was entitled after the partition to occupy that part of the homestead which was set aside to her in the partition, so long as she lives or desires to do so. Kessler v. Draub, 52 Tex. 575, 36 Am.Rep. 727; Blum v. Gaines, 57 Tex. 119; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641.

■ We have carefully reviewed all of the cases cited by the parties in their briefs, and particularly that of Thompson v. Kay, 124 Tex. 252, 77 S.W.2d 201, and the many authorities therein referred to, and while a correct solution of the precise question of law presented for our decision is by no means free from doubt, we have concluded that so long as appellee continues to occupy and claim the premises in controversy as her home, the same is not subject to forced sale for the payment of her general, unsecured debts, or to satisfy an involuntary lien arising therefrom. McCusker v. Field, Tex.Civ.App., 76 S.W.2d 816. To hold otherwise would, in our opinion, defeat in a substantial degree the primary purpose of the law in providing protection for the homestead of a family from forced sale, and would do violence to the rules of construction which the Supreme Court has applied through the years to our homestead laws.

We are not called upon to decide, and do not attempt to decide, what effect, if any, the recording of the abstract of judg-

ment against appellee might have upon her right to hereafter alienate during her lifetime, either by deed or voluntary lien, the title which she now holds to the property in controversy. Since we are of the opinion that no reversible error is shown by the record before us, all of appellant's assignments are overruled, and the judgment of the trial court is affirmed.