ORR v. ORR et al.

No. 6003.

Court of Civil Appeals of Texas. Amarillo.

Oct. 31, 1949.

Walter E. Rogers and J. W. Gordon, Jr., Pampa, for appellant.

Sturgeon & Ewing, Pampa, for appellees.

PITTS, Chief Justice.

This suit was instituted by appellant, Lucille Orr, against appellees, Ola Mae Orr and her son Sample R. Orr, for a partition of certain land situated in Gray County, Texas, and for an accounting of the rents and revenues received therefrom by appellees. Appellees answered alleging that the property was the homestead of Ola Mae Orr and therefore exempt from partition during her occupancy of the same as such homestead.

The case was tried to the court without a jury and judgment was rendered for appellees denying a partition of the property for the reason that such was the homestead of appellee, Ola Mae Orr, from which judgment an appeal has been perfected to this court. The controlling issue to be determined is that concerning the homestead character of the property in question. In passing on the issues raised in this case we must keep in mind the rules of law so ably stated in the following language in the case of Reconstruction Finance Corporation v. Burgess, Tex.Civ. App., 155 S.W.2d 977, 980, writ refused: "Our Supreme Court has definitely announced the rule that the homestead laws of this state should be liberally construed in order to effectuate their beneficent purpose. Furthermore, the homestead right is to be regarded not as a mere privilege accorded to the head of the family for the benefit of the family as a whole, but as an estate created for the protection of each constituent member of the family unit. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35. As said in the early and leading case of Givens v. Hudson, 64

Tex. 471, the homestead 'is not exempted to the child or widow because it was exempted to the father or husband who was the head of the family, but because the child or widow was and remains a constituent of the family.' "

There are other very definite rules of law that must be observed in considering the issues. It has long been the law in this state that a final judgment rendered in a case such as this must be presumed to be correct upon appeal unless the contrary affirmatively appears from the record. Baker v. Elliott, Tex.Civ.App., 198 S.W.2d 152. No findings or conclusions were filed by the trial court or requested in this case. The rule is well established that unless findings are filed by the trial court, the appellate court must presume that the trial court correctly found all fact issues having support in the evidence in favor of its judgment rendered. Bostwick v. Bucklin, Tex.Civ.App., 190 S.W.2d 814, affirmed 144 Tex. 375, 190 S.W.2d 818. It has also been held that in non-jury cases the trial court's judgment must be affirmed if there is sufficient evidence to support it on any theory. Gray v. Luther, Tex.Civ.App., 195 S.W.2d 434. To test the sufficiency of the evidence, we must give credence only to the evidence and circumstances favorable to the presumed findings of the trial court and disregard all evidence and circumstances to the contrary. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118, and other authorities there cited.

In this case the record reveals that appellee, Ola Mae Orr, and J. L. Orr were married on January 3, 1910, and lived together continuously until the death of J. L. Orr; that they bought the land in question in 1934, the same being one tract of land described as lots 1, 2, 3 and 4 of the J. D. White subdivision, situated adjacent to the City of Pampa; that they paid for the land out of community funds, improved it and occupied it continuously as their homestead until J. L. Orr died intestate on January 15, 1945, since which time Ola Mae Orr has continuously occupied the premises as her homestead. To their marriage two sons were born, namely, appellee, Sample R. Orr, and his younger brother J. J. Orr. On August 16, 1947, appellant and J. J. Orr were married and about eight months thereafter on April 20, 1948, J. J. Orr died intestate, leaving no children. Thereafter on September 29, 1948, this suit was filed by appellant seeking a partition of both the real and personal property owned as a community estate by appellee, Ola Mae Orr and her deceased husband, J. L. Orr. It was agreed between the parties during the trial by stipulation made that appellant owns an undivided one-eighth interest in the land in question and that the land is occupied by appellee, Ola Mae Orr, who claims the right of occupancy as a homestead and admits appellant's said interest therein subject to her homestead rights, which claim of homestead right is denied by appellant. Appellees further admit that appellant has a lawful vested interest in the personal property in question subject to Ola Mae Orr's homestead rights. Appellant admits that Ola Mae Orr has a personal homestead right in a seven room house located on the said land, together with the land immediately surrounding the said house and adjacent thereto but she contests Ola Mae Orr's homestead claim to other rental units located on the said land. It was agreed that the land in question was worth less than $5,000 exclusive of the improvements thereon and the record reveals that it is all located outside of the city limits of Pampa but adjacent thereto.

Appellant contends, in effect, that the process of renting houses located on various land, whether it be adjacent to the operator's residence homestead or separate and apart from the same, is a profession or calling and not a business and the land occupied by such rental units is not exempt as a business homestead under the provisions of the State Constitution and the law. She therefore contends that Ola Mae Orr is engaged in the profession of renting houses which is a mere profession or calling and not a business such as would exempt the lots in question from partition under the law. She cites as her controlling case Mays v. Mays, Tex.Civ.App., 43 S.W. 2d 148, 152, writ refused.

Appellees contend, in effect, that their claim of homestead rights for Ola Mae Orr is supported even by the rule of law stated in the Mays case, supra, to the effect that "The use made of the premises determines the question of homestead, whether residence or business." Applying such a rule, they claim that both appellee Ola Mae Orr and her deceased husband made such use of all of the premises during her husband's lifetime as to constitute the premises a residence and business homestead and that she, since her husband's death, has continued to make such use of the premises as to constitute the same a residence and business homestead as the survivor of her deceased husband under the State Constitution and the laws of Texas. Appellees cite as their controlling case in support of their claim C. D. Shamburger Lumber Company v. Delavan, Tex.Civ. App., 106 S.W.2d 351, 356, writ refused.

A map or plat of the land and the improvements thereon was admitted in evidence by agreement of the parties and it shows the locations of all improvements on the land. The evidence reveals that appellee, Ola Mae Orr, and her husband bought the unimproved land in question in 1934 for the purpose of building a tourist court on it and occupying it themselves as a homestead; that they built a seven room home on the land and likewise built twenty-one rental units on the land, two of which units are connected with the walls of the seven room house in which they lived; that the purchase price of the land and the improvements thereon were paid for out of community funds except for $3,000 of Ola Mae Orr's own separate money she inherited, which was used for improvements made on the premises and to pay the last doctor bills and funeral expenses of her deceased husband; that the name of the tourist court was and still is "New Town Cabins Tourist Court" which is located adjacent to the Lefors-Pampa highway; that the cabins are built around an oblong driveway with a parkway in the center where trees, shrubbery and flowers grow, which parkway is maintained by appellee, Ola Mae Orr; that all of the said lots constitute one tract of land and there are no boundary lines, lines of demarkation, fences or other fixed lines or barriers separating the cabins as they are located on the premises or between any of the cabins and the living quarters; that the personal homestead and some of the cabins are located on a portion of two lots; that there is a vegetable garden and numerous clothes lines for use of the tenants located on the premises; that all of the occupants of the cabins, except two, use a common outside toilet and bath house, with separate quarters for men and women; that appellee, Ola Mae Orr, manages and supervises the renting of the cabins but provides janitor services to clean the premises and look after the toilets and bath rooms, clean the vacated cabins and help keep up the premises generally; that there is only one gas meter and one water meter for all of the living units on the premises and Ola Mae Orr pays all utility bills; that the cabins are rented to tenants by the day or week with rates posted in each cabin and rentals payable either by the day or by the week; that the tenants are required to register whether they stay only one day or for several months and the said appellee keeps her own books of accounting in operating the business, and has her office in her living quarters; that such management takes all of her time and she has no other business or profession; that the said appellee provides the furniture and equipment for each cabin and sometimes furnishes the linens and cooking utensils for occupants. The record further reveals that there are three small warehouses and a storage building on the premises used in connection with the court.

It is our opinion that the evidence conclusively reveals that the land was purchased for the purpose of establishing thereon a tourist court to be occupied as a personal and business homestead; that such was soon thereafter established on the land; that the personal homestead, the cabins, the other buildings used in connection with operation, the driveway, parkway and garden were all of the improvements made on the tract of land; that all of the said improvements were necessary and properly used in connection with

the operation of the tourist court by the said appellee and her husband until his death in 1945, and thereafter so used by appellee, Ola Mae Orr, alone; that she has no other income or means of living and has no other business or profession but has spent all of her time, together with the hired help, in operating the tourist court, using all of the land and improvements thereon for such a purpose; that she used all of the proceeds therefrom over and above her living expenses and the necessary operating expenses to pay taxes, repair and further improve the premises. It is therefore our opinion that the issues presented in this case are determined by the rules of law stated in the case of C. D. Shamburger Lumber Company v. Delavan, supra. In that case this court held that a business as distinguished from a calling or a profession "is that which occupies the time, labor, and efforts of its owner or operator, and we think it is doing no violence to the term to say that operating a tourist camp is as distinctive a business as operating a grocery store, a gristmill, or a print shop." This court further stated in the Shamburger case that "The entire premises was *a place* to carry on the business of its owner who used it as such and we think it was exempt under article 16, § 51, of the Constitution [Vernon's Ann. St.Const. art. 16, § 51]." The facts are so similar in the two cases that we have reached the same conclusion here as that reached by this court in the Shamburger case and we think our position is further supported by the provisions of Article 3496, Vernon's Annotated Civil Statutes, and the cases of Scarborough et ux. v. Home Owners' Loan Corporation, Tex.Civ. App., 161 S.W.2d 886, and Smith v. Simpson, Tex.Civ.App., 97 S.W.2d 522. Other issues were raised in the Shamburger case that are not raised in this case but the issues here raised are determined by the rules of law thoroughly discussed by this court in the Shamburger case and such were amply supported by authorities there cited. Therefore, it is our opinion that such authorities need not be further cited

or discussed by us in this case. In the Shamburger case this court found no fault with the opinion in the case of Mays v. Mays, supra, cited and relied on by appellant in this case and we do not now find any fault with the rules of law laid down in the Mays case. Many distinctions are found in the facts in this case as compared with those in the Mays case. The facts in that case as found by the trial court were wholly different from the facts found by the trial court in this case. It is our opinion that there is ample evidence to support the judgment of the trial court denying partition of the property for the reason that such constituted the homestead of appellee, Ola Mae Orr.

It has likewise been many times held that the right of the surviving wife to use and occupy the homestead includes the right to receive and enjoy the rents and revenues therefrom. Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589; Ruble v. Ruble, Tex.Civ.App., 264 S.W. 1018; Williams v. Davis, Tex.Civ.App., 133 S.W.2d 275. The trial court did not therefore err in its refusal to order an accounting of the rents and revenues resulting from the use of the said property by appellee, Ola Mae Orr, and appellant's point to the contrary is overruled.

Appellant's complaint to the effect that the trial court erred in failing and refusing to establish her interest in the property in question by decree so stating is overruled since her interest in such was fixed by law, subject to the homestead rights of appellee, Ola Mae Orr, at the time of the death of appellant's husband, J. J. Orr, who inherited from his deceased father, J. L. Orr. Reconstruction Finance Corporation v. Burgess, supra; Springer v. Strahan, Tex.Civ.App., 180 S.W.2d 654.

After a careful examination of the record and the assignments of error, it is our opinion that the evidence supports the trial court's judgment and that it properly disposed of all the issues raised. Appellant's points to the contrary are overruled and the judgment is affirmed.