## CHISHOLM v. MILLS.
### No. 3028.

Court of Civil Appeals of Texas. Waco.
May 29, 1952.

Rehearing Denied June 26, 1952.

W. L. Eason, Waco, for appellant.
Street & Street, Waco, for appellee.

HALE, Justice.

On May 12, 1930 W. J. Chisholm acquired certain property situated in McLennan County which he, his wife and their two children used continuously thereafter as their family homestead until the children married and the parents died. On September 12, 1935 appellee recovered judgment against W. J. Chisholm in the sum of $2,586.73, caused an abstract thereof to be duly recorded in the office of the County Clerk of McLennan County and caused executions to be issued and returned thereon in the manner required by law to keep the judgment and debt alive and in full force at all times material to this suit. On April 16, 1944 Mrs. Chisholm died intestate and on October 2, 1948 W. J. Chisholm died intestate, leaving no constituent member of the family surviving him. Appellee duly filed its claim in the Probate Court of McLennan County against the estate of W. J. Chisholm, deceased, as evidenced by the foregoing judgment, and after such claim had been presented to and rejected by appellant as administrator of the estate of the deceased, appellee timely instituted this suit in the District Court of McLennan County to establish the claim.

The case was tried before the court below without a jury and resulted in judgment approving the claim of appellee as an unsecured claim against the estate of the deceased, the court finding in its decree that the deceased owned an undivided one-half interest in and to the property which he and his wife had acquired by the deed dated May 12, 1930, and that such interest in the property was subject to administration and to the payment of appellee's claim.

Appellant says the trial court erred in holding that since no constituent member of the deceased's family survived him, his undivided one-half interest in the homestead was subject to administration and to the payment of appellee's claim. Although he submits nine propositions under the points upon which his appeal is predicated, it appears to us that all his contentions are summarized in his 9th proposition which is as follows: "When a person dies intestate, all of the estate of such person shall vest immediately in his heirs at law; subject however, to the payment of the debts of the intestate, except such as may be exempted by law. Art. 3314. Hence, when the deceased died, his undivided one-half interest in the homestead vested immediately in fee simple in his two children, free from the claim of creditors. The fact that he was the sole surviving constituent of the family is immaterial."

Notwithstanding the able arguments presented by counsel for appellant, we think the proposition of law asserted by him has been definitely foreclosed against his contentions by the holdings of the Supreme Court of Texas in the case of Thompson v. Kay, 124 Tex. 252, 77 S.W. 2d 201 and the prior decisions therein cited. See also: Engbrock v. Haidusek, Tex.Civ. App., 95 S.W.2d 520, er. ref. As said by this court in the case of Kay v. Thompson, Tex.Civ.App., 40 S.W.2d 884, 885: "The test prescribed by our Supreme Court for determining whether the homestead exemption of property continues after the death of the owner is whether such owner left surviving a husband or wife, a minor child, or an unmarried daughter residing with the family. If any such constituent of the family survives, the exemption continues, * * *. Our Supreme Court, in further application of such test, has from an early day held that, where no constituent member of the family survives the owner, the homestead exemption ceases to exist, notwithstanding such owner left children or other descendants who were not members of his family at his death." No useful purpose would be served by attempting to restate the reasons upon which the holdings in the above cited cases are based. Therefore, we pretermit any further discussion of the arguments advanced by appellant in support of the propositions of law asserted by him on this appeal.

Finding no reversible error in the record before us, the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.