Ervin Edward DONAHOE et al., Appellants,

v.

Douglas P. ALLEN, Appellee.

No. 8519.

Court of Civil Appeals of Texas, Beaumont.

Oct. 23, 1980.

Weldon H. Berry, Houston, for appellants.

Don Taylor, Liberty, for appellee.

KEITH, Justice.

This appeal is from a judgment of the trial court rendered after argument of counsel, awarding specific performance of a contract of sale contained in a deed from Jim and Mary Donahoe, now deceased, to A. H. Duncan and his heirs and assigns. For the reasons stated below, we affirm the judgment of the trial court.

In 1965, Jim and Mary Donahoe conveyed to A. H. Duncan a tract of about 45 acres of land, reserving to themselves a 1.5 acre portion and providing for conveyance to Duncan of the excepted portion for the sum of $2,400 on expiration of the grantors' homestead interest therein. After the death of Jim Donahoe his devisee, James Vernon Donahoe, conveyed his interest in the 1.5 acre tract to Douglas P. Allen, the assignee of A. H. Duncan. Upon notice of the subsequent death of Mary Donahoe, Allen tendered payment of $1,200 for the remaining interest in the property to her devisee, Ervin Edward Donahoe (hereinafter "defendant").* The latter maintains that the agreement contained in the original deed constituted a mere option which the grantors had never exercised during their lives by communicating their intent to abandon the homestead. Therefore, he argues, he "inherited a fee interest in said property with the concurrent right to exercise the option to sell if he desired to do so."

---

* Defendants are Ervin Edward Donahoe and his grantee of an undivided one–half interest in the property. Since the rights of Donahoe as heir are in issue, he is referred to as defendant.

The disputed language in the original deed is as follows:

"Grantors herein agree, when the said 1.5 acre tract has been abandoned by them, or the survivor of them, as a homestead, or at any time prior thereto, at their option, to convey unto Grantee, said 1.5 acre tract of land, above described, for a total purchase price of TWENTY FOUR HUNDRED & no/100 ($2400.00) DOLLARS cash, and grantors agree to furnish a general warranty deed to said property, which shall be conveyed free and clear of any and all encumbrances, said moneys to be paid to them within ten days from the date grantee is notified by registered mail that said property has been abandoned as a homestead, or that Grantors have decided to sell prior to that time, and the Grantee, upon the acceptance of this deed hereby agrees to the terms of this contract of sale covering said 1.5 acre tract, and this contract shall be binding upon the parties hereto, their heirs, assigns, executors and administrators, and Grantors and/or Grantee may enforce specific performance of same."

■ Although no formal conclusions of law appear in the record before us, we are authorized to recognize findings which are necessary legal implications of the judgment entered. *Tex.R.Civ.P. 296; Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sentry Development Corp. v. Norman*, 553 S.W.2d 664, 665 (Tex.Civ.App.–Tyler 1977, writ ref'd n. r. e.). Defendant challenges the implied conclusions of the trial court as follows:

1) By points of error nos. 1, 5 and 7, that the death of the survivor of the grantors constituted abandonment of the homestead within the meaning of the agreement; and

2) By points of error nos. 2, 3, 4 and 6, that the original deed created a valid and binding contract of sale enforceable by specific performance.

■ It is well settled in Texas that where the buyer is bound by the terms of an agreement, it is a contract of sale and not a mere option. *Collier v. Robinson*, 129 S.W. 389, 391 (Tex.Civ.App.–Fort Worth 1910,

writ ref'd). In *Paramount Fire Ins. Co. v. Aetna Cas. & Sur. Co.*, 353 S.W.2d 841, 843 (Tex.1962), the purchasers of a tract of land contended that a contract containing a provision for forfeiture, as rent, of amounts paid on the contract in event of default, created a rental agreement with option to purchase rather than a contract of sale. The Court held that where the instrument itself is designated a contract of sale and its language throughout is of sale and purchase, and where it does not provide that the vendor must accept the sum forfeited in full settlement of the buyer's liabilities for default, the contract is one of purchase and sale rather than a mere option.

■ The *Paramount* test was relied upon in *Gala Homes, Inc. v. Fritz*, 393 S.W.2d 409, 411 (Tex.Civ.App.–Waco 1965, writ ref'd n. r. e.), a suit for specific performance of a contract providing for forfeiture of down payment in event of default. Both cases held that the contract at issue was a contract of sale and not a mere option, so that specific performance was available. See also *Tabor v. Ragle*, 526 S.W.2d 670, 675 (Tex.Civ.App.–Fort Worth 1975, writ ref'd n. r. e.); see and cf. *Broady v. Mitchell*, 572 S.W.2d 36 (Tex.Civ.App.–Houston [1st Dist.] 1978, writ ref'd n. r. e.).

■ The *Paramount* test is controlling in the case at bar. The disputed language provides that specific performance is available to both the grantor and the grantee and states that grantee "upon the acceptance of this [original deed conveying the 45 acre tract] hereby agrees to the terms of *this contract of sale* covering said 1.5 acre tract . . . ." (emphasis added) There is no provision whatever for liquidated damages in the instrument. Since the agreement did not limit the parties to liquidated damages, both parties became bound at the time of the original conveyance to perform the terms of the disputed clause.

■ However, defendant contends that the failure of the decedents to notify the grantee during their lifetimes that the homestead had been "abandoned" either (1) discharged the contract entirely, leaving the fee simple to him as devisee, or (2) resulted

in descent of the property to him with the same homestead rights as were available to the decedents. Although the use of the word "abandoned" in the agreement is unfortunate, we are of the opinion that defendant's argument misconstrues the nature of the homestead interest. The death of the parties protected by homestead rights operates to extinguish those rights. *Hill v. McIntyre Drilling Co.*, 59 S.W.2d 193, 195 (Tex.Civ.App.–Texarkana 1933, writ ref'd); *Williamson v. Lewis*, 346 S.W.2d 957, 959 (Tex.Civ.App.–Fort Worth 1961, writ ref'd). Neither can such rights be inherited, nor transferred by will. *Roots v. Robertson*, 93 Tex. 365, 55 S.W. 308, 310 (1900); see also *French v. French*, 188 S.W.2d 586, 589 (Tex.Civ.App.–Amarillo 1945, writ ref'd w. o. m.); *George v. Taylor*, 296 S.W.2d 620, 623–624 (Tex.Civ.App.–Fort Worth 1956, writ ref'd n. r. e.). Further, a conveyance of property protected by homestead rights, though inoperative during the tenure of the homestead, becomes operative on the death of the protected party. *Hill*, supra (59 S.W.2d at 195).

Although *Chisholm v. Mills*, 250 S.W.2d 268 (Tex.Civ.App.–Waco 1952, writ ref'd), involved a claim by a creditor against the homestead of a deceased debtor, the controlling facts and legal principles are the same as in the case at bar. In *Chisholm*, the married children of the deceased homestead owner argued that the fee simple ownership in his interest in the property vested in them immediately upon his death, free from the claims of his creditors. The basis of this contention was that the homestead exemption survived the death of its owner and was a right inherited with the property. Citing *Thompson v. Kay*, 124 Tex. 252, 77 S.W.2d 201 (1934), the court rejected this proposition and held that the claimants did not fall within the class of persons protected by the statute [see *Tex. Prob.Code Ann. § 271 (1980)*] and could not acquire such rights by inheritance or in any other manner except in accordance with the statute. The parties in the case at bar are in the same posture; defendant makes no attempt to show that he is entitled to homestead protection in his own right, and his contention that he has inherited a right to preserve the property as a homestead is erroneous as a matter of law.

The cases cited by defendant as requiring intentional, volitional acts all concern parties living at the time of suit and are inapplicable to the case at bar. By the terms of the agreement, the grantors or their successors were obligated to notify the grantee or his successors of the termination of the homestead, and the grantee was obligated to tender the purchase price in exchange for execution of a general warranty deed. The only option available to the grantors was to terminate their homestead interest in the property before their deaths by giving notice of their intention to voluntarily abandon their homestead interest, choosing to mature the obligation of the grantee to pay the agreed price during their lifetimes rather than to retain possession of the property until their deaths.

Since the original deed created a contract of sale to be performed upon the termination of the grantors' homestead interest in the 1.5 acre tract, and since the homestead interest terminated upon the death of Mary Donahoe, the trial court properly awarded specific performance. We have reviewed defendant's remaining points of error and find that the foregoing discussion disposes of all of them.

For the reasons stated above, the judgment of the trial court is AFFIRMED.