**In re Danny Odell BARNETT and Sandra Lee Barnett d/b/a Barnett Dairy Farm, Debtors.**

**Danny Odell BARNETT and Sandra Lee Barnett d/b/a Barnett Dairy Farm, Plaintiff,**

v.

**UNITED STATES of America (Farmers Home Administration), Defendant.**

**Bankruptcy No. 482–00525.**
**Adv. No. 482–0314.**

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

Sept. 15, 1983.

St. Clair Newbern, III, Fort Worth, Tex., for debtor.

MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

In this chapter 13 case the Farmer's Home Administration ("FmHA") complains

that the Debtor, Barnett, is only entitled to a statutory 100 acre rural homestead exemption from the satisfaction of its claims. Debtor argues that he is entitled to a 200 acre exemption. I agree, and hold that Barnett is entitled to claim 200 acres as his homestead. FmHA next asserts that the Debtor is entitled to a $15,000 personal property exemption that is to be calculated by using the sum of the fair market value of the exempt personalty. Barnett counters with the assertion that he is entitled to a $30,000 exemption, and that the sum is to be calculated by using his equity in the property and not its fair market value. I hold that Debtor is entitled to a $30,000 exemption, and that the $30,000 value is to be calculated as the sum of the fair market value of the property.

■ It is undisputed that Barnett was married and had two minor children at the time he filed his chapter 13 petition; that, subsequent to the filing, he was divorced from his wife; that his wife retained custody of their two minor children; and that he is obligated to support the two children by court order. Debtor argues that by the authority of *Renaldo v. Bank of San Antonio,* 630 S.W.2d 638 (Tex.1982), he is entitled to the 200 acre "family" homestead exemption described in Tex.Rev.Civ.Stat. Ann. Art. 3833 (Vernon Supp.1982–83). In *Renaldo,* the Supreme Court of Texas held that Article 3833, as it existed prior to amendment in 1973, permitted a divorced husband, obligated with child support, to claim a homestead exemption as to property he acquired after the divorce. See also, *Woods v. Alvarado State Bank,* 118 Tex. 586, 19 S.W.2d 35 (1929) (divorced father, obligated to support children, continues as head of the family and, as such, is entitled to full 200 acre statutory homestead exemption); *Schulz v. L.E. Whitham & Co.,* 119 Tex. 211, 27 S.W.2d 1093 (1930) (divorced husband, is entitled to homestead exemption as the head of the family). Article 3833, as amended, effective January 1, 1974, retains the 200 acre homestead exemption for the "family", and creates a 100 acre homestead exemption for the "single, adult person, not a constituent of a family." Tex.

Rev.Civ.Stat.Ann. art. 3833(a) (Vernon Supp.1982–83). FmHA argues that upon his divorce Debtor became a "single, adult person," as contemplated by Article 3833, as amended, and consequently is entitled to only a 100 acre homestead. I do not agree. The term "family" contained in the old Article 3833, construed to include a single divorced parent by the Texas Supreme Court in a continuing line of cases for over 50 years, is a term of art, and was left undisturbed by the legislature when it enacted the 1973 amendments. Consequently, Debtor, as a divorced father, falls within the term "family" as contemplated by Article 3833, as amended, and is entitled to the full 200 acre homestead available to a "family". I hold that regardless of whether the Barnett homestead was dedicated prior to, or after, January 1, 1974, he is entitled to claim a 200 acre rural homestead.

■ Debtor next contends that he is entitled to claim a $30,000 personal property exemption under Tex.Rev.Civ.Stat.Ann. art. 3836 (Vernon 1982–83) (replacing article 3832, effective January 1, 1974), and that only his equity in such property is to be used to calculate the $30,000 claim. FmHA argues that Debtor is entitled to claim only a $15,000 exemption, and that the fair market value of such property, not the Debtor's equity, is to be used to calculate the $15,000 limit. Debtor relies on the authority of *Renaldo, supra,* for his assertion that he, as a divorced father burdened with child support obligations, is entitled to a $30,000 personal property exemption under Article 3836. I agree. Under Tex.Rev.Civ.Stat. Ann. art. 3832 (Vernon 1966) (repealed) a divorced father contributing to the support of his minor children is entitled the full personal property exemptions to which a "family" would be entitled. See, *Crow v. Burmeister,* 26 S.W.2d 447 (Tex.Civ.App.— El Paso, 1930, no writ) (divorced husband contributing to the support of his minor children is entitled to exemption of an automobile as the "head of family"). Article 3836 retains the term of art "family" from article 3832, and consequently, I hold that Debtor, as a divorced father with child sup-

port obligations, is entitled to the full $30,-000 exemption available to a "family."

FmHA fails to cite, nor can this court find, any authority for the proposition that the 1973 amendment to Article 3833, repeal of Article 3832, and creation of Article 3836 served to alter the meaning of the term "family" in these articles, as interpreted by the Texas Supreme Court. In the absence of such authority, this court is bound by the court's interpretation of the term "family" to include a divorced parent having child support obligations, regardless of any inconsistencies that may occur if both divorced parents claimed exemptions.

As to whether this court is to use the fair market value of Debtor's personalty in determining the extent of the exemption, or whether the Debtor's equity in such is to be used, Article 3836 is clear in limiting a "family's" exemption in its personal property to "an aggregate *fair market value* ... of $30,000" (emphasis added). Tex. Rev.Civ.Stat.Ann. art. 3836(a) (Vernon Supp.1982–83). The terms of article 3836 are explicit, and consequently, I hold that Debtor's exemption may not exceed an aggregate fair market value of his personalty in excess of $30,000.