United States Court of Appeals,

Fifth Circuit.

No. 92–4126

Summary Calendar.

In The Matter of:  Jeani MALOY HILL, Debtor.

Edmond J. ZIELINSKI, Interim Trustee for the Bankruptcy Estate of Jeani Maloy Hill, Appellant,

v.

Jeani MALOY HILL, Appellee.

Sept. 14, 1992.

Appeal from the United States District Court For the Eastern District of Texas.

Before JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

The bankruptcy trustee, substitute Appellant on behalf of the FDIC as receiver for Metropolitan National Bank, formerly Sherry Lane National Bank (Sherry Lane), appeals the judgment of the district court affirming the bankruptcy court's allowance of a 200 acre rural homestead to Debtor, Jeani Maloy Hill, a single grandmother in whose rural Texas home resides her divorced and remarried daughter and minor granddaughter.  The principal thrust of Appellant's allegations of error is that Hill, as an unmarried adult, is not entitled to a rural homestead in excess of 100 acres.  In particular, Sherry Lane complains that (1) the bankruptcy and district courts misconstrued Texas homestead law, and (2) Hill's pleadings were deficient in failing to indicate the number of acres comprising her claimed homestead, and the court erred in permitting Hill to amend her pleading to reflect the acreage claimed.  As we find neither error of law nor clearly erroneous factual determinations by either of those courts, we affirm.

I

FACTS AND PROCEEDINGS

In February 1988, Hill filed a voluntary petition for bankruptcy.  Electing the state exemption

scheme authorized in the Bankruptcy Code,[1] Hill claimed a family rural homestead containing 200 acres. As Hill's primary creditor, Sherry Lane objected, insisting that Hill was limited to the 100 acre homestead exemption applicable to single adults. The bankruptcy court conducted a hearing at which Hill and her adult daughter testified regarding Hill's status as head of the household. The testimony reflects that in 1984, Hill removed and protected her daughter and infant granddaughter from a household of domestic violence, and that they have ever since resided with and depended upon Hill for financial and emotional support. The daughter's first husband has never supported his child. In 1987, Hill's daughter remarried, but her second husband did not live with her until 1988, and then only to reduce his expenses. He was unemployed at the time of the hearing and has never financially supported either Hill's daughter or granddaughter. According to the testimony, Hill's daughter returned to work in 1988, but her income is insufficient to support her and her child. Hill testified that she pays the household expenses with funds received from a former business partner.

The bankruptcy court found that Hill is a head of household and that her daughter and granddaughter are dependent upon her for financial, moral and emotional support, as well as for their physical safety. The bankruptcy court accordingly held that Hill was entitled to the 200 acre family rural homestead exemption. The district court affirmed. Sherry Lane timely appealed; this court granted its motion to substitute the bankruptcy trustee as appellant.

II

ANALYSIS

The bankruptcy court's factual findings regarding Hill's homestead interest are subject to the clearly erroneous standard of review.[2] Pursuant to this standard, we must defer to that court's

---

[1] A Texas debtor in bankruptcy proceedings must elect between the federal and the state exemption scheme. *In re Dyke,* 943 F.2d 1435, 1438 (5th Cir.1991). Because Hill elected the Texas scheme, Texas state law delineates her available exemptions.

[2] *In re Bradley,* 960 F.2d 502, 507 (5th Cir.1992) (citing *In re Niland,* 825 F.2d 801, 806 (5th Cir.1987)); *see also United States v. Blakeman,* ——— F.2d ———, No. 91–1027 (5th Cir.1992) (citing *Bradley*) (district court determination of a rural homestead is reviewed for clear error).

findings unless, after review of all the evidence, we are left with a firm and definite conviction that the bankruptcy court erred.[3]  We review the court's legal conclusions de novo.[4]

The constitutional and statutory provisions protecting Texas homestead exemptions are accorded liberal construction.[5]  The Texas Constitution provides:

> Section 50. The homestead of a family, or of a single adult person, shall be, and is hereby protected....
>
> Section 51. The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon;  the homestead in a city, town or village, shall consist of lot or lots amounting to not more than one acre of land, together with any improvements on the land;  provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the homestead claimant, whether a single adult person, or the head of a family;  provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired.[6]

The "homestead" is also defined statutorily:

> If used for the purposes of a rural home, the homestead shall consist of:
>
>> (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon;  or
>>
>> (2) for a single, adult person, *not otherwise entitled to a homestead,* not more than 100 acres, which may be in one or more parcels, with the improvements thereon.[7]

Prior to 1973, a homestead only inured to the benefit of a "family."  The framers of the Texas

---

[3]*Bradley,* 960 F.2d at 507 (citing *United States v. Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

[4]*Bradley,* 960 F.2d at 507 (citation omitted).

[5]*Bradley,* 960 F.2d at 507;  *In re Moody,* 862 F.2d 1194, 1197 (5th Cir.1989), *cert. denied,* —— U.S. ——, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992) ("Texas constitutional and statutory protection of the homestead is absolute."  (citing *In re Reed,* 700 F.2d 986, 990 (5th Cir.1983)));  *Inwood North Homeowners' Assoc. v. Harris,* 736 S.W.2d 632 (Tex.1987);  *In re Harrison,* 1990 WL 338989, No. 390–34092 (Bankr.N.D.Tex. November 14, 1990) (describing the broad homestead protection as well established).

[6]TEX.CONST. art. 16, §§ 50, 51.

[7]TEX.PROP.CODE ANN. § 41.002(b) (Vernon Supp.1992) (emphasis added).

constitution intended that the legislature or the judiciary would define or apply this term.[8]  The legislature has not given "family" a statutory definition.  For over a century, however, the courts of Texas have held that (1) the family relation is one of status, (2) the head of the family must be legally or morally obligated to support at least one other family member, and (3) there must be a corresponding dependence on the other member for this support.[9]  There has never been a requirement that the head of the family be married.[10]  The requisite familial relationship may be between siblings,[11] adult children and their parents,[12] or grandparents and grandchildren.[13]

In 1973, the Texas legislature amended the definition of homestead to provide for single adults.[14]  Sherry Lane argues that this augmentation of the homestead right changed the definition of

---

[8]*Reconstruction Finance Corp. v. Burgess,* 155 S.W.2d 977 (Tex.Civ.App.1941);  43 TEXAS JUR § 54, p. 467 (3d ed. 1985).

[9]*Roco v. Green,* 50 Tex. 483 (1878);  *Henry S. Miller Company v. Shoaf,* 434 S.W.2d 243, 244 (Tex.Civ.App.1968);  *Stout v. Anthony,* 254 S.W.2d 879, 880 (Tex.Civ.App.1952);  *Garrard v. Henderson,* 209 S.W.2d 225, 228 (Tex.Civ.App.1948);  *Seley v. Howell,* 115 Tex. 583, 285 S.W. 815, 817 (Tex.Comm.App.1926);  *see also* 43 TEXAS JUR § 54.

[10]*Renaldo v. Bank of San Antonio,* 630 S.W.2d 638 (Tex.1982) (interpreting the pre–1973 revision law and holding that divorced husband was entitled to a homestead as head of family); *Woods v. Alvarado State Bank,* 118 Tex. 586, 19 S.W.2d 35 (1929);  *Henry S. Miller Co. v. Shoaf,* 434 S.W.2d 243 (single woman was head of household where her mother was dependent upon her);  Lynda Beck Fenwick, Note, 26 BAYLOR L.REV. 658, 658–59 (1974).

[11]*See Henry S. Miller Co. v. Shoaf,* 434 S.W.2d at 244;  *Garrard v. Henderson,* 209 S.W.2d at 229 (citing *Central Life Assurance Society v. Gray,* 32 S.W.2d 259 (Tex.Civ.App.1930)).

[12]*Henry S. Miller Co. v. Shoaf,* 434 S.W.2d 243 (single woman was head of household where her mother was dependent upon her);  *Hutchenrider v. Smith,* 242 S.W. 204 (Tex.Com.App.1922).

[13]*Elliott v. Texas Pacific Coal & Oil Co.,* 29 S.W.2d 982 (Tex.Com.App.1930) (applying the family homestead test to a grandmother's claim that granddaughter was dependent upon her but concluding that evidence was insufficient to support the grandmother's claim);  *Tunnell v. Johnson,* 209 S.W. 451 (Tex.Civ.App.1919) (debtor grandmother and two granddaughters qualified for family status).

[14]TEX.REV.CIV.STAT. art. 3833, *amended* by Acts 1973, 63rd Leg., p. 1627, ch. 588, § 1, repealed by Acts 1983, 68th Leg., p. 3729, ch. 576, § 6 (current version at Tex.Prop.Code § 41.002).  Since 1973, the Property Code definition of homestead has undergone stylistic changes, initially being codified at section 41.001 of the Code.  *See discussion, In re Mitchell,* 132 B.R. 553 (Bankr.W.D.Tex.1991).

the word "family" to exclude any family unit in which an unmarried person is the head of the household. We disagree.

The 1973 amendments were intended to grant *additional* homestead rights to single adults, not to decrease the pre-revision homestead acreage afforded families with a single adult head of household.[15] The word "family" is a term of art in Texas jurisprudence.[16] A well settled rule of statutory construction holds that an enacting legislature is presumed to have been aware of the judicial construction of existing law.[17] Indeed, the homestead statute applies the 100 acre limitation to "a single, adult person, *not otherwise entitled to a homestead.*" The legislature thereby accommodated the jurisprudential definition of family that has been consistently applied in Texas since the nineteenth century.[18] The legislature thereby accommodated the jurisprudential definition of family that has been consistently applied in Texas since the nineteenth century.[19]

Sherry Lane also argues that Hill has not proved the elements of a family. Again, we disagree. Texas jurisprudence has recognized in the context of the homestead, regarding the requisite element of status, that "[a] social status greatly exists between parents and their children[.]"[20] In this case the testimony reflects that Hill, her daughter and granddaughter function and appear as a unit in the community.

---

[15]*Cf.* L. Fenwick, *supra* note 8 at 658–59 (explaining that the change in law extends new rights to single adults).

[16]*See In re Barnett,* 33 B.R. 70, 71 (Bankr.N.D.Tex.1983) ("The term "family' contained in the old Article 3833, construed to include a single divorced parent by the Texas Supreme Court in a continuing line of cases for over 50 years, is a term of art, and was left undisturbed by the legislature when it enacted the 1973 amendments.").

[17]*See Shapiro v. United States,* 335 U.S. 1, 16, 68 S.Ct. 1375, 1383, 92 L.Ed. 1787 (1948).

[18]TEX.PROP.CODE ANN. § 41.002(b)(2) (emphasis added).

[19]*In re Barnett,* 33 B.R. at 71.

[20]*Garrard v. Henderson,* 209 S.W.2d at 228.

Sherry Lane next contends that because her daughter is married, Hill does not have a financial or moral obligation to support her. Sherry Lane cites no Texas authority for such a per se rule, and we find none. In the absence of such a rule, we conclude that the bankruptcy court in this case was entitled to credit and to rely on the testimony that the daughter and granddaughter were in physical danger in 1984, had no other avenue of assistance but Hill, and have depended on her for emotional and financial support continually since that time. That they have never received assistance from either of the daughter's husbands underscores the propriety of the bankruptcy court's conclusion.

We recognize that married children are not expressly included in the Texas Probate Code's homestead estate exemption.[21] We also note, however, that neither siblings nor parents are mentioned in the restrictive probate estate definition, yet both siblings and parents have been held to qualify as family members for homestead purposes generally. Even assuming that the Probate Code restriction applies to the homestead exemption in a bankruptcy case, Hill could have attained head of household status prior to the daughter's marriage.[22] In addition, a grandchild may qualify as the dependent family member even if the parents are still living.[23]

Sherry Lane's next argument, that the daughter's employment disproves her dependence on her mother, overlooks the testimony that the daughter's income is insufficient to enable her to leave her mother's household. This argument overlooks the fact that absolute dependence is not necessary to fulfill the third prong of the Texas test. *Central Life Assure Society v. Gray,* 32 S.W.2d 259 (Ct.Civ.App.—Waco, 1930, writ ref.). The findings of the bankruptcy judge prove the level of support necessary for dependence under Texas law. Although the term has not been directly defined

---

[21]TEX.PROB.CODE § 271 (Vernon 1980) (Exemption benefits "surviving spouse and minor children and unmarried children remaining with the family of the deceased."); *see In re Nunnally,* 506 F.2d 1024 (5th Cir.1975) (citing *Givens v. Hudson,* 64 Tex. 471 (1885) and explaining the probate rule).

[22]*See Woods v. Alvarado State Bank,* 118 Tex. 586, 19 S.W.2d 35 (1929) (homestead rights of head of family were not destroyed when children lost family member status by moving away).

[23]*Tunnell v. Johnson,* 209 S.W. 451 (Tex.Civ.App.1919).

in Texas Homestead law, other areas of law have defined the term "dependence" in analogous situations.

Under Texas Workman's Compensation law a dependent is one who is sustained in whole or part by another for reasonable necessaries in substantial amounts allowing the recipient to live consistent with his or her position in society. *Turner v. Travelers Insurance Co.,* 401 S.W.2d 618, 622 (Tex.Civ.App.1966, writ ref. n.r.e.) (defining dependence in general); *Stanaland v. Traders & General Insurance Co.,* 195 S.W.2d 118 (Tex.1946) (substantial part); *Industrial Accident Bd. v. Lance,* 556 S.W.2d 101, 102 (Tex.Civ.App.—Amarillo, 1977, *no writ*) (noting at 103 "the test is: Was the alleged beneficiary relying in whole or in part upon the labors of the deceased for support?"); *Federal Underwriters Exchange v. Hall,* 179 S.W.2d 519, 523 (Tex.Civ.App.—Dallas, 1944), modified on other grounds, 143 Tex. 36, 182 S.W.2d 703 (noting "dependence may be proven as a fact without arithmetical demonstration.") (citing *Consolidated Underwriters v. Free,* 253 S.W. 941 (Tex.Civ.App.—Fort Worth, 1923, writ ref.)). If that test is applied to the instant case the debtor had to prove that her daughter relied on her for some part of her support; that is, "but for" such support the recipient's position would be altered. Although the lower court erroneously used a much lighter "any dependency" standard, this error is harmless. The lower court's factual findings fulfill the correct Texas test.

Appellee asserts alternatively that the moral support given to her daughter alone fulfills the third prong of the Texas test. This is an incorrect reading of Texas law. Texas cases have held that in the case of minor children, to satisfy the third prong of the *Roco* test, financial dependence is not necessary. *See, e.g., American National Bank of Austin v. Cruger,* 31 Tex.Civ.App. 17, 71 S.W. 784, 788 (1902, no writ) (noting that even though supposed dependents were owners of a valuable farm they still depended upon appellant for moral training); *Garrard v. Henderson,* 209 S.W.2d 225, 227 (Tex.Civ.App.—Dallas, 1948, no writ) (minor child); *Wolf v. Buckley,* 52 Tex. 641 (1890) (minor children although having an estate still dependent for moral training). Texas courts have taken

one further step and said that a dependent and infirm elderly parent may be dependent in terms of moral support. *Hutchenrider v. Smith,* 242 S.W. 204, 209 (Tex.Comm.App.—Section B 1922, no writ). However, in that case it was stated that absent the help of the children the "father would be in poverty." *Id.* at 207.

In this case there are neither minor children nor infirm parents who may be morally dependent upon the debtor. The cases cited by the debtor for moral support alone are inapposite as they deal with the definition of the family in terms of the first prong of the *Roco* test. Because that prong is satisfied by a legal or moral obligation, cases mentioning moral obligation in that context have no bearing on the dependency issue that constitutes the third prong. However, as mentioned above, even though the bankruptcy court accepted appellee's incorrect argument to some degree, its factual findings demonstrate the degree of financial dependence that is the true measure of *Roco*'s third prong.

Sherry Lane also contends that the admission of Hill's homestead evidence was reversible error because Sherry Lane's counsel was surprised by it and had no opportunity to respond. The trustee makes the related argument that Hill neglected to plead entitlement to a 200 acre homestead properly. Sherry Lane objected to this evidence at the time of the bankruptcy hearing and in a Motion to Strike. We conclude that the bankruptcy court did not abuse its discretion in denying these motions.[24]

Schedule B–1 of Hill's bankruptcy petition lists the homestead and recites its value, but not its acreage. In its objection to the homestead exemption, Sherry Lane asserted that the homestead claimed by Hill comprises 200 acres but that by law Hill is limited to a 100 acre exemption. In response, Hill admitted that the acreage claimed is 200 but denied that the law limits her to 100 acres.

---

[24]*See In Matter of Beaubouef,* 966 F.2d 174 (5th Cir.1992) (abuse of discretion review of challenge to admitted evidence based on allegation of surprise and failure to plead).

In denying Sherry Lane's objection to the homestead claim, the bankruptcy court took "judicial notice of the fact that [Hill] claims and has claimed in her schedules 200 acres as exempt property." Even assuming that Hill's pleadings were deficient on this issue, the court was empowered to allow amendment of the pleadings instanter as long as Sherry Lane was not prejudiced by the amendment.[25] As the record reflects that Sherry Lane had ample notice of the homestead issue, we find no basis for the claim of reversible error.

We also reject Sherry Lane's contention that the district court erred in accepting the bankruptcy court's findings of fact. Pursuant to Bankruptcy rule 8013, the district court was required to accept the findings unless they were clearly erroneous. As all of the findings are directly based on reasonable testimonial evidence, we find no clear error.

III

CONCLUSION

The bankruptcy court did not abuse its discretion in allowing Hill to amend her pleadings instanter to include the acreage figure for the clearly identifiable homestead for which she had already claimed an exemption. As such, her evidence of head of household status was admissible, and the bankruptcy court was not clearly erroneous in finding that Hill was in fact the head of a family household within the contemplation of the applicable homestead laws of Texas. Concluding that neither the bankruptcy court nor the district court committed reversible error, the judgment appealed from is

AFFIRMED.

---

[25]*Id.* (citing Fed.R.Civ.P. Rule 15(b) and *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 457 (10th Cir.1982)).