In re Barbara A. COFFMAN, Debtor.

UNITED STATES of America, on behalf of the FARMERS HOME ADMINISTRATION, Appellant,

v.

Barbara A. COFFMAN, Appellee.

Bankruptcy No. 593–50080–7.

Civ. A. No. 5:93–CV–287–C.

United States District Court, N.D. Texas, Lubbock Division.

Feb. 14, 1994.

Nancy Koenig, Asst. U.S. Atty., Lubbock, TX, for appellant.

Louis M. Ratliff, Jr., Kirby, Ratliff, Manning & Greak, Inc., Littlefield, TX, for appellee.

## OPINION

CUMMINGS, District Judge.

### I. *Nature of the Case*

Barbara A. Coffman (Debtor) filed a voluntary petition in bankruptcy under Chapter 7 on February 3, 1993. Mrs. Coffman is a widow who lives alone and has no dependents. The Farmers Home Administration (FmHA) holds a secured claim against Debtor in the amount of $188,275.72, based on eight FmHA loans to Debtor totalling $329,-200. The FmHA holds a perfected security interest in Debtor's property and proceeds therefrom. Debtor has elected to use the exemption scheme set out by Texas law, under which she claims $57,250.35 of her personal property is exempt from forced sale.

By order of August 25, 1993, after a hearing, the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division, Judge Akard found that Debtor was entitled to a "family" personal property exemption under TEX.PROP.CODE § 42.001. Specifically, the court stated:

> The Court is fully aware that the Texas Courts, which it must follow in this instance, take a very inclusive look at the definition of the word "Family," and indeed, the Constitution and the Probate Code specifically talk about the homestead; and I can't concede that the drafters of the Texas statutes intended for people in Mrs. Coffman's position to have to farm it with half of the equipment. The Court will find that she continues to be a family after the untimely death of her husband. That status has not changed. She has not moved. She is living at the same place. She is doing what they were doing together, and under those circumstances, the Court finds that for the purposes of personal property exemption, she does constitute a family and is entitled to the $60,000 exemption.

Transcript of hearing August 25, 1993, p. 2. The bankruptcy court cited no authority to support its conclusions of law. FmHA objects to granting the "family" exemption, asserting that Debtor is entitled only to a "single adult" exemption of $30,000. FmHA filed its Notice of Appeal on September 23, 1993. This court notes jurisdiction of the appeal under 28 U.S.C. § 158.

### II. *Issues on Appeal*

FmHA presents two issues on appeal:

1. Is the debtor allowed to be granted "family" status under TEX.PROP.CODE § 42.001 for the purpose of claiming a personal property exemption as a family?

2. Did the United States Bankruptcy Court err in granting the debtor the status of "family" as opposed to "individual" for the purpose of a personal property exemption?

Brief of Appellant, p. 1. Finding no error, the ruling of the bankruptcy court is affirmed.

### III. *Standard of Review*

■ Findings of fact by the Bankruptcy Court are reviewed under the clearly erroneous standard. Bankr.R. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). Conclusions of law, however, are subject to *de novo* review. *Matter of Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980).

### IV. *Discussion of the Law*

■ Texas Constitution, article 16, section 49, granted the Legislature the power to create statutory exemptions from forced sale for a certain portion of personal property for all heads of families and also for unmarried adults. Pursuant to that authority, the Legislature enacted personal property exemption laws which have now evolved into Chapter 42 of the Texas Property Code.

Chapter 42, Section 42.001, TEX.PROP.CODE, exempts from garnishment, attachment, execution, or other seizure property listed in section 42.002 in the aggregate fair market value of up to $60,000, exclusive of any liens, security interests, or encumbrances, if the property is provided for a family, and up to $30,000 if for a single adult. At issue in the case at bar is whether a widow with no dependents is, for the purposes of this section, a "family" or a "single adult."

Since 1878, the Texas courts have consistently held that, for purposes of a homestead (real property) exemption, what comprises a family can be determined by a three-part test: (1) the family relationship is one of social status, rather than of contract; (2) the head of the family must be legally or morally obligated to support at least one other family member; and (3) there must be a corresponding dependence on the other member for this support. *Roco v. Green*, 50 Tex. 483 (1878); *Matter of Hill*, 972 F.2d 116, 119 (5th Cir.1992). At least one court, the Bankruptcy Court for the Northern District of Texas, has borrowed this test from the homestead laws for guidance in the personal property exemption area. *See In re Evans*, 25 B.R. 105, 107 (Bkrtcy.N.D.Tex.1982); *In re Barnett*, 33 B.R. 70, 71 (Bkrtcy.N.D.Tex.1983). It should be noted that these bankruptcy court cases were interpreting TEX.REV.CIV. STAT. art. 3833 (repealed by Acts 1983, 68th Leg., p. 3729, ch. 576 § 6, eff. Jan. 1, 1984), and art. 3832 (repealed by Acts 1973, 63d Leg., p. 1629, ch. 588 § 4, eff. Jan 1, 1974) (now TEX.PROP.CODE §§ 41.001 *et seq.* and 42.001 *et seq.*), which included both the homestead (real property) and scheduled personal property exemptions, although real property was not a part of the statute at the time of either decision. However, it would tend to show that the courts were justified in borrowing principles from homestead law to aid their interpretation of personal property exemption laws, because both exemptions developed side-by-side.

While the issue at bar appears to be one of first impression, borrowing from homestead principles would appear to aid this court in deciding the issue. First, borrowing the definition of "family," it would appear that Debtor does not meet the definition of family. She is a widow, living alone, with only adult children, none of whom are dependent upon her for financial support or moral and education training. However, VERNON'S ANN. CIV.STAT.PROB.CODE § 271 provides that upon the death of a decedent, all such property which is exempt from forced sale or execution under the laws and constitution of the state shall be set aside for the use and benefit of the surviving spouse and minor children. VERNON'S ANN.CIV.STAT.PROB.CODE § 271. (Vernon 1980 and Supp.1993). This exemption has been held to continue in favor of the surviving spouse and minor children so long as any constituent of the family survives, at least with respect to the homestead exemption. *Chisholm v. Mills*, 250 S.W.2d 268, 269 (Tex.Civ.App.—Waco 1952, writ ref'd).

### V. *Conclusion*

It is not disputed that Debtor was a "family" with her husband and could claim his exemptions at the time of his death. As such, Debtor's ability to claim the family exemption survives with Debtor until such time as she dies. The bankruptcy court did

not commit error in finding that Debtor was a "family" for purposes of TEX.PROP.CODE § 42.001. Therefore, the court is of the opinion that the bankruptcy court's order should be **AFFIRMED.**

SO ORDERED.