In the Matter of Fred W. McDANIEL, Debtor.

Beverly Jean BORDER, Appellant,

v.

Fred McDANIEL, Appellee.

Nos. 95–20295, 95–20279
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1995.

Milton J. Flick, Houston, TX, for Beverly Jean Border, appellant.

Peter Johnson, Houston, TX, for Fred W. McDaniel, appellee.

Before WIENER, PARKER and DENNIS, Circuit Judges:

WIENER, Circuit Judge:

Appellant Beverly Jean Border appeals the judgment of the district court which allowed Appellee Fred McDaniel, a widower with no dependent children, to exempt 165 acres of property from his bankruptcy estate pursuant to the Texas "family" homestead exemption. We affirm.

---

1. Tex.Prop.Code Ann. § 41.001(a).

2. In the interest of clarity, we pause to explain how two issues arising out of a single core bankruptcy proceeding came to be two separate appeals. When these cross-appeals were filed with the district court, each cross-appeal was docket-

## I

### FACTS AND PROCEEDINGS

In October 1993, McDaniel filed a voluntary petition for bankruptcy. Electing the state exemption scheme authorized by the Bankruptcy Code, McDaniel claimed a family rural homestead exemption [1] of approximately 165 acres near Grapeland, Texas (Grapeland property). The Trustee and a judgment lien holder objected, contending, *inter alia,* that McDaniel (1) is precluded from asserting a homestead exemption due to his disclaimer designating the Grapeland property as non-homestead property and (2) does not qualify as a family under Texas law and thus his homestead exemption is limited to 100 acres. The bankruptcy court held that the disclaimer was ineffective, but that McDaniel was a single adult entitled to a maximum exemption of 100 acres rather than a "family" entitled to a maximum exemption of 200 acres.

McDaniel appealed to the district court, asserting that the bankruptcy court erred by ruling that he did not qualify for the "family" homestead exemption. Border cross-appealed to the district court, contending that the bankruptcy court erred by refusing to deny McDaniel his homestead rights on the basis of the homestead disclaimer as to the Grapeland property.[2] With respect to McDaniel's appeal, the district court reversed the bankruptcy court and held that McDaniel was entitled to the full 165 acres under a "family" homestead exemption. With respect to Border's cross-appeal, the district court agreed with the bankruptcy court's conclusions and affirmed. Border timely appealed both issues to us.

## II

### ANALYSIS

A. STANDARD OF REVIEW

The bankruptcy court's factual findings regarding McDaniel's homestead inter-

ed as a separate case. This was a clerical error, as both cross-appeals were heard as a single case. Nonetheless, the docketing inadvertence required that two separate appeals be filed with this court. On June 29, 1995, this court consolidated the appeals.

est are subject to the clearly erroneous standard of review.[3] Under this standard, we must defer to that court's findings unless, after review of all the evidence, we are left with a firm and definite conviction that the bankruptcy court erred.[4] We review that court's legal conclusions de novo.[5]

The following factual findings are not clearly erroneous. McDaniel owned property in New Mexico until he sold it in 1986. Nevertheless, McDaniel's Grapeland property was his homestead under Texas law: He built his home there; he lived there; he planted crops on the property; one of his children attended a Grapeland area school; and his late wife is buried on the property. Two days after his wife's death in 1987, McDaniel signed a disclaimer designating the Grapeland property as non-homestead to obtain post-purchase financing. Regardless of the disclaimer, McDaniel openly and publicly continued to maintain his home on the Grapeland property.

In 1993, McDaniel filed for bankruptcy. At the time, McDaniel lived on the Grapeland property alone; by then, his children were all independent adults living elsewhere.

## B. THE TEXAS HOMESTEAD

■ In Texas, homestead rights [6] are sacrosanct: "[W]e must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions."[7] Indeed, we must uphold and enforce the Texas homestead laws even though in so doing we might unwittingly—or even knowingly but powerless to avoid it—"assist a dishonest debtor in wrongfully defeating his

creditor."[8] This may account for the oft-repeated creditor's lament: "Debtors either die or move to Texas." Dutifully mindful of these governing state law principles, we turn to the substance of the case.

## C. THE EFFECT OF THE DISCLAIMER

■ On the issue of a homestead disclaimer, Texas law is clear and well established: "[A] homestead claimant is not estopped to assert his homestead rights in property on the basis of declarations made to the contrary if, at the time of the declarations, the claimant was in actual use and possession of the property."[9] In only two situations will a disclaimer bar the debtor from claiming homestead rights: When, at the time of the disclaimer, (1) the debtor owned two or more noncontiguous pieces of property, any of which—but not more than one—could constitute a homestead; or (2) the property described in the disclaimer was not being used for homestead purposes.[10] Border contends that McDaniel owned property in New Mexico at the time he executed the disclaimer and thus is estopped from claiming homestead rights in the Grapeland property. We disagree.

The bankruptcy court found that McDaniel sold the property in New Mexico in 1986. The disclaimer was executed in 1987. At the time of the disclaimer, McDaniel did not own two non-contiguous pieces of property. The bankruptcy court found further that McDaniel has occupied and used the Grapeland property as a homestead continually since 1986 at the latest. Thus, neither of the two above described exceptions apply. As did

3. *Haber Oil Co. v. Swinehart*, 12 F.3d 426, 434 (5th Cir.1994); *In re Hill*, 972 F.2d 116, 119 (5th Cir.1992) (per curiam).

4. *Hill*, 972 F.2d at 120.

5. *Id.*

6. The Texas homestead is exempt from forced sale "except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon." Tex. Const. art. XVI, § 50.

7. *In re Bradley*, 960 F.2d 502, 507 (5th Cir.1992) (citations omitted), *cert. denied sub nom., Com-*

*monwealth Land Title Ins. Co. v. Bradley*, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993).

8. *Id.* (citing *Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931)).

9. *Bradley*, 960 F.2d at 509 (citing *Ray v. Metzger*, 165 S.W.2d 207, 209 (Tex.Civ.App.—Fort Worth 1942), *aff'd*, 141 Tex. 372, 172 S.W.2d 480 (Tex. 1943)).

10. *Bradley*, 960 F.2d at 510 n. 16 (citing *First Interstate Bank of Bedford v. Bland*, 810 S.W.2d 277 (Tex.App.—Fort Worth 1991, no writ)).

the bankruptcy court and the district court before us, we conclude that the disclaimer does not estop McDaniel from asserting his homestead exemption in the Grapeland property.

D. McDANIEL: SINGLE ADULT OR FAMILY?

 If a debtor uses land "for the purposes of a rural home," he is entitled to claim a rural homestead exemption of up to one hundred acres or up to two hundred acres depending on his status.[11] If the debtor has a family, he is entitled to claim a rural homestead consisting of no more than two hundred acres.[12] If, on the other hand, the debtor is a single adult, he is entitled to claim a rural homestead consisting of no more than one hundred acres.[13]

The word "family" is a term of art in Texas homestead jurisprudence.[14] Border does not question that McDaniel and his wife comprised a "family" prior to his wife's death. Border does contend, however, that the district court erred in holding that McDaniel may claim a family, rather than a single adult, homestead exemption after the death of his wife. Although McDaniel, a widower with no dependent children, is not a family in the traditional sense, he remains a "family" for the purposes of Texas homestead law:

> The language of the Constitution is plain. The surviving spouse has the same homestead rights as both spouses had prior to the death of one; and this is true whether the survivor be the husband or the wife.[15]

In the "Eyes of Texas," McDaniel constitutes a family "'til Gabriel blows his horn," and the 165 acres he lives on is sheltered by the Texas family homestead exemption. Like the Light Brigade, ours "not to reason why...."

AFFIRMED.

---

**11.** *Bradley,* 960 F.2d at 507 & n. 6 (citing Tex. Const. art. XVI, § 51.).

**12.** Tex.Prop.Code Ann. § 41.002(b)(1).

**13.** *Id.* at § 41.002(b)(2).

**14.** *Hill,* 972 F.2d at 120.

**15.** *Hunter v. Clark,* 687 S.W.2d 811, 813 (Tex. App.—San Antonio 1985, no writ) (citing *Brown v. Reed,* 20 Tex.Civ.App. 74, 48 S.W. 537, 538 (Tex.Civ.App.1898, writ ref'd)); *see also Chisholm v. Mills,* 250 S.W.2d 268, 269 (Tex.Civ. App.—Waco 1952, writ ref'd).