In re Fayrene PRESTON, Debtor.

Bankruptcy No. 97–40508.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

April 6, 1999.

Joyce Lindauer, Dallas, TX, Chapter 7 Trustee.

Mark Baggett, Plano, TX, for debtor.

## *OPINION*

DONALD R. SHARP, Chief Judge.

NOW before the court for consideration is Trustee's Objection to Exemptions claimed by Fayrene Preston. At the conclusion of the hearing, the matter was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law required by Federal

Rules of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Fayrene Preston (hereinafter referred to as the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

She claims four burial plots valued at $2,000 and located at Restland Memorial Park as exempt pursuant to § 522 of the Bankruptcy Code and Texas Property Code § 41.001.

The Chapter 7 Trustee objects to the exemption of three (3) of the four (4) burial plots.

### DISCUSSION

■ Texas Property Code § 41.001(a) states as follows:

A homestead and one or more lots used for a place of burial of the dead are exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property.

TEX.PROP.CODE.ANN. § 41.001(a) (Vernon Supp.1997).

Trustee contends that the Debtor, as a single individual, should only be permitted to claim one plot as exempt. The Trustee argues that generally the number of burial plots is limited to that required for the Debtor and/or a dependent of the Debtor. Trustee argues that the intent of the drafters was to allow more than one plot only to a family with dependents and that this Debtor's schedules show that she has no dependents.

The Debtor contends that the Court should look to the plain meaning of the statute. The statute clearly states that one or more lots used for a place of burial for the dead are exempt. Debtor argues there is no language in the statute limiting the exemption to the Debtor and/or a dependent of the Debtor. In addition, Debtor claims that if the legislature wanted to make such a restriction they could have

done so. Finally, Debtor contends that she merely wants to be buried with her family. However, no evidence was presented to the Court to support this statement.

■■ This matter appears to be one of first impression. Therefore, the Court will first examine the statute in question. The first step in interpreting the meaning of a statute is to review its language. Courts must adhere to the plain meaning of the law unless doing so demonstrably conflicts with the intention of the drafters. *In re Meyerland Co.,* 960 F.2d 512, 516 (5th Cir.1992) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

The plain language of the statute clearly refers to one or more burial plots. The question is whether the plain language of the statute conflicts with the intention of the drafters. In order to perform this analysis, the Court finds it extremely helpful to examine the statute that § 41.001(a) of the Texas Property Code amended in 1985. The prior statute dealing with the exemption of burial plots was § 41.002 of the Texas Property Code. Section 41.002 states as follows:

A homestead and one or more lots held for use as a sepulcher of a family or a single adult who is not a member of a family are exempt from attachment, execution, and forced sale for the payment of debts, except for encumbrances properly fixed on the property.

TEX.PROP.CODE.ANN. § 41.002 (1984).

■ After comparing the two statutes, it is clear that the legislature omitted language that limited to whom an exemption of burial lots will be allowed for. The amended statute, section 41.001(a) clearly omitted any mention of family and now allows a debtor to exempt plots for more than just family. However, while it appears that a debtor is entitled to exempt an unlimited amount of burial plots, this

cannot be the result intended. To adhere to the plain meaning of the statute would clearly conflict with the intention of the drafters. *In re Lippman,* 122 B.R. 206 (Bkrtcy.S.D.N.Y.1990) While "there generally is no need for a court to inquire beyond the plain language of the statute," *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), there is room for a court to review the legislative history to ascertain Congress;' intent and thereby avoid a mechanistic result unintended by Congress, see *Kelly v. Robinson,* 479 U.S. 36, 49, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986) (statutes should not be read " 'with the ease of a computer' ") (quoting *Bank Marin v. England,* 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966)). See generally 2A N. Singer, *Statutes and Statutory Construction* § 46.07 (4th ed.1984) ("it is clear that if the literal import of the text of an act is inconsistent with the legislative meaning or intent, or such interpretation leads to absurd results, the words of the statute will be modified to agree with the intention of the legislature") (citations omitted). *Accord United Savings Ass'n v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988) ("Statutory construction, however, is a holistic endeavor. A position that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme ... because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law") (citations omitted).

After analyzing the original statute and the amended statute, it is this Court's belief that the drafters intentions can be ascertained. To interpret the amendment made to the exemption statute first requires an explanation of what constitutes a "family" under the Texas exemption statute.

Since 1878, Texas courts have consistently held that, a family exists when (1) the family relationship is one of social status, rather than of contract; (2) the head of the family must be legally or morally obligated to support at least one other family member; and (3) there must be a corresponding dependence on the other member for this support. *Roco v. Green,* 50 Tex. 483 (1878); *Matter of Hill,* 972 F.2d 116, 119 (5th Cir.1992).

The Court believes that the drafters were clearly expanding for whom burial plots could be exempt by eliminating the term "family" from the statute. The statute now allows one to exempt burial plots for brothers, sisters, as well as extended family members. Expanding the statute to allow for this kind of exemption does not seem over broad or unreasonable. However, to expand the statute any further and allow one to exempt an unlimited amount of burial plots would clearly be contrary to the intent of the drafters. The legislature had to have meant that one could claim as exempt the number of burial plots that are reasonable based on the facts and circumstances.

As a result, the Court believes in this particular situation it must examine the underlying purpose for the four plots listed as exempt by the Debtor. While the Debtor made some arguments in support of the exemptions sought, no evidence was presented to explain for whom the other plots were being held. The only fact before the Court is that the Debtor listed no dependents. There is no explanation as to why it is reasonable for this Debtor to claim more than one burial plot as exempt. Without any evidence, the Court cannot find that the Debtor is in need of more than one burial plot. Therefore, the Trustee's objection to exemptions is granted and three of the four burial plots located at Restland Memorial Park are not exempt. Debtor is granted fifteen (15) days to designate one lot as exempt.