**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20623

(Summary Calendar)
_____

In The Matter Of:  JAMIE BYRNE CREECH,

Debtor,

---

JAMIE BYRNE CREECH,

Appellant,

versus

SHEFFIELD CAPITAL CORP., assignee of the
FEDERAL DEPOSIT INSURANCE CORPORATION,

Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas

---

July 17, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jamie Byrne Creech appeals the district court's order affirming the bankruptcy court's decision to deny Creech's

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

objections and allow the FDIC's claim against her Chapter 13 bankruptcy estate. After carefully reviewing the record, we hold that the bankruptcy court's finding that the FDIC's claim was governed by the "Modification Agreement" was not clearly erroneous. *See United States Abatement Corp. v. Mobil Exploration and Producing U.S., Inc.*, 79 F.3d 393, 397-98 (5th Cir. 1996) (holding that, in the context of bankruptcy appeals, "we perform the identical task as the district court, reviewing the bankruptcy court's findings of fact under the clearly erroneous standard"); *Border v. McDaniel*, 70 F.3d 841, 842-43 (5th Cir. 1995) (holding that in reviewing bankruptcy court's findings of fact, "we must defer to that court's findings unless, after review of all the evidence, we are left with a firm and definite conviction that the bankruptcy court erred"). We further hold that the bankruptcy court did not err in finding that Creech had failed to present any evidence to support her claim of usury. *See Thrift v. Hubbard*, 44 F.3d 348, 359 (5th Cir. 1995) (setting forth elements of usury claims and noting the Texas presumption against finding usury absent clear evidence to the contrary). Finally, we hold that the bankruptcy court did not abuse its discretion in declining to admit the "Assignment of Note" document which had been rendered irrelevant to the case by the superseding Modification Agreement. *See Stephenson v. Salisbury*, 967 F.2d 1069, 1074 (5th Cir. 1992) (applying abuse of discretion analysis to bankruptcy court's evidentiary rulings, and noting the "great latitude allowed in the conduct of a bench trial").

For the foregoing reasons, we AFFIRM.